101 F.3d 714
 41 Cont.Cas.Fed. (CCH) P 77,008
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dinah Wolverton PERKINS, Appellant,
v.
Marvin RUNYON, Postmaster General, United States Postal
Service, Appellee.
 No. 96-1387.
 United States Court of Appeals, Federal Circuit.
 Nov. 7, 1996.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Dinah Wolverton Perkins appeals from the April 24, 1995 decision of the Postal Service Board of Contract Appeals, Docket No. 3691, denying her appeal from the United States Postal Service's ("the agency's") decision to terminate her mail delivery contract for default. Because the board did not err in determining that Perkins was in default, we affirm.
 
 DISCUSSION
 
 2
 The agency awarded Perkins a contract to provide delivery services along a route originating at the agency's office in Marana, Arizona, beginning July 1, 1994. The contract required that she report to the office in sufficient time to sort and load the mail to be delivered and to depart by 9:30 a.m. The contract further required that she deliver the mail and return to the agency's office by 12:45 p.m. Perkins repeatedly failed to meet these requirements. The agency received customer complaints concerning delivery of mail along Perkins' route, including late deliveries, misdeliveries, and failure to pick up outgoing mail.
 
 
 3
 On August 5, 1994, after the first month of the contract, the postmaster met with Perkins to discuss her progress. He informed her of her shortcomings in performance and his concerns about the late deliveries and misdeliveries, and he told her that her performance must improve within thirty days. A week later, the postmaster received a petition signed by seven residents along Perkins' route. They identified what they perceived to be deficiencies in service and they requested that she be removed from the route. On September 1, 1994, the postmaster issued a "Final Request for Service Improvement," informing Perkins that her performance had not improved and giving her two days to restore and maintain satisfactory performance. Perkins' performance continued to fail to meet the contractual requirements, and the agency terminated her contract for default.
 
 
 4
 Perkins appealed the termination to the board. The board upheld the termination, finding that she failed to meet the requirements of her contract, even after being given more than two months to improve. The board also noted that an emergency contractor hired to take over Perkins' route met the contract schedule on a fairly regular basis after approximately five weeks. Accordingly, the board concluded that her failure to meet the requirements of the contract constituted a sufficient basis for the agency to terminate the contract. Perkins now appeals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(10) (1994).
 
 
 5
 Under our applicable standard of review,
 
 
 6
 the decision of the agency board on any question of law shall not be final or conclusive, but the decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence.
 
 
 7
 41 U.S.C. § 609(b) (1994).
 
 
 8
 Perkins argues that the board ignored or gave no weight to her testimony. She alleges that the board did not consider the agency's failure to train her and that she was subject to harassment. She also alleges that the board's decision was a result of bias. The agency responds that her failure to meet the requirements of the contract was supported by substantial evidence, and that the board did not err in sustaining its termination.
 
 
 9
 We agree with the agency that the board's decision is supported by substantial evidence. Her argument concerning the weight of her testimony implies that we should reweigh the evidence, which would be improper for us to do. Considering the whole record, including her testimony, she has failed to show that the board's decision was not supported by substantial evidence. The record reflects that Perkins repeatedly failed to meet the requirements of the contract, even after being given an opportunity to improve her performance and being warned that continued performance deficiencies may result in termination for default.
 
 
 10
 Nor is there any evidence of record that the agency failed to meet its training obligation. In particular, the board found that the agency provided her with approximately twenty hours of training, even though the contract required that it provide only six hours of training. The board also found her claims concerning harassment and bias to be unsupported by substantial evidence. She has not shown any of these findings to be fraudulent, arbitrary, capricious, or grossly erroneous.